IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01272-BNB

MALCOLM M. RUNNEL,

    Plaintiff,

v.

COLORADO STATE PENITENTIARY, Cañon City, Colorado 81215-777,
J. HUNTER, Case Mgr., C.S.P., and
CAPT. WILLIAM, C.S.P., Cañon City, CO 81215-777 Box,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 14 2008

GREGORY C. LANGHAM
              CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Malcolm M. Runnel is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Runnel has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983. The Court must construe the Complaint liberally because Mr. Runnel is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Runnel will be ordered to file an Amended Complaint.

The Court has reviewed the Complaint filed by Mr. Runnel and finds that it is deficient. Mr. Runnel asserts one claim but fails to allege facts to demonstrate that both Defendant J. Hunter and Defendant Captain William personally participated in the asserted constitutional violations.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Runnel must show that each named defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

In addition, Mr. Runnel is suing an improper defendant. Mr. Runnel may not sue the Colorado State Penitentiary. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). Mr. Runnel may not sue the Colorado State Penitentiary for money damages.

Therefore, Mr. Runnel will be directed to file an Amended Complaint that alleges how each properly named defendant personally participated in the asserted constitutional violation. In order for Mr. Runnel to state a claim in federal court, the Amended "[C]omplaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Court also notes that Mr. Runnel's writing, although improved from his writing in previous actions, still at best is difficult to read. Mr. Runnel has been warned previously that if the Court is unable to read his writing and finds a pleading illegible the action will be subject to dismissal. Because Mr. Runnel has been warned on more than occasion regarding his illegible pleadings and has had two actions, *Runnel v. Owens, et al.*, No. 08-cv-00097-ZLW (D. Colo. May 7, 2008) (unpublished), and *Runnel v. Smelser*, No. 07-cv-01196-ZLW (D. Colo. Oct. 19, 2007) (unpublished), dismissed because he failed to comply with the Court's directive to write legibly, the Court will dismiss any future action pursuant 28 U.S.C. § 1915(e)(2)(B)(i) if pleadings are found to be illegible. Accordingly, it is

ORDERED that Mr. Runnel file **within thirty days from the date of this Order** an Amended Complaint that complies with the Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Runnel, together with a copy of this Order, two copies of the Prisoner Complaint form for use in filing the Amended Complaint. It is

FURTHER ORDERED that if Mr. Runnel fails to file an Amended Complaint that complies with this Order, within the time allowed, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 14th day of July, 2008.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01272-BNB

Malcolm M. Runnel
Prisoner No. 59529
CSP - Unit C3-16
PO Box 777
Cañon City, CO 81215- 0777

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 7/14/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk